### WEST & Co. v. BARGE LADY FRANKLIN.

In an action against a boat, for labor and materials furnished, a petition which alleges that such labor and materials were furnished at the instance and request of the said boat, is sufficient.

The petition, in such a case, need not allege that the work was done, or materials furnished, on a contract made with the master, owner, agent, clerk, or consignee, of said boat.

*Appeal from the Dubuque District Court.*

THE plaintiffs filed their petition in the District Court against the barge Lady Franklin, seeking to recover $252.62,

for the labor and materials alleged in the petition, to have been furnished at the instance and request of said barge, for the repair of the same. A demurrer to the petition was sustained, on the ground that it did not allege that the work was done, or material furnished, on a contract made with the master, owner, agent, clerk, or consignee of the boat. To the judgment of the court, in sustaining the demurrer, and dismissing the suit, plaintiffs excepted. They now appeal, and assign the same for error.

*Wiltse & Blatchly*, for the appellants.

*Nightengale & Wilson*, for the appellee.

STOCKTON, J.—It is assigned for error, that the court erred in holding, that it was necessary to allege in the petition, that the work was done or materials furnished, on a contract with the master, owner, agent, or consignee of the boat, and that it was not sufficient to allege that the contract was made with the boat itself.

We think, that section 2130 of the Code of Iowa, settles the only question in this cause. It was sufficient, in our opinion, to allege, as the plaintiffs did, that the contract was made with the barge. This was all the law required, and if the plaintiffs have brought themselves within the requirements of the above-named section, the petition is sufficient. What the plaintiffs may be required to prove, to entitle them to recover, is a different question, to be determined by the court, when the evidence is before it. We think the court erred in sustaining the demurrer, and dismissing the petition, and the judgment is reversed.